UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHELIA JONES                                              CIVIL ACTION
                                                          NO. 07-5681

VERSUS

CENTOCOR, INC., JOHNSON & JOHNSON                         SECTION M
ET AL.

## ORDER

Before the Court is Plaintiff's Motion to Remand which is opposed by Defendants, and which came for hearing on November 14, 2007, on the briefs. Upon consideration of the motion, the briefs, and the applicable law, the Court denies the motion.

**FACTS:**

Plaintiff, Shelia M. Jones, suffers with rheumatoid arthritis. Jones' physician, Dr. Merlin Wilson, prescribed Jones a course of Remicade, a medication allegedly manufactured by Centocor, Inc. as well as the other defendants in this lawsuit. Jones alleges that Remicade caused her liver failure and required a liver transplant.

On August 1, 2007, Jones filed suit against Centacor, Inc., Johnson & Johnson, Johnson & Johnson Pharmaceutical research & Development, L.L.C., and Dr. Merlin Wilson, in the Civil District Court for the Parish of Orleans. In that petition, Jones sought damages for the injuries she sustained from the loss of her liver as a result of taking the

drug Remicade while she was under the care of her treating physician, Dr. Wilson, a Louisiana resident. The remaining defendants are non-residents.

Centocor removed the action to this Court asserting that Wilson was improperly joined because Jones had not fulfilled the mandatory pre-suit requirement of bringing her malpractice claim before a medical review panel as required by the Louisiana Medical Malpractice Act (LMMA). Jones filed this Motion to Remand.

**ANALYSIS:**

The question before the Court is whether Jones Motion for Remand is premature because Jones' malpractice claim against Dr. Wilson has not been reviewed before a medical review panel as required by the LMMA. [1]

Because the exhaustion of these administrative procedures is a prerequisite to maintaining suit against Dr. Wilson, the only in-state defendant, there is currently no reasonable basis to predict whether or not Jones has a viable action against him. *See* Smallwood v. Illinois Cent. R. Co., 385 F.3d 568, 573 (5th Cir. 2004). Although Jones cites a long line of cases in the Eastern District of Louisiana which have held that a remand is not premature, recent 5th Circuit cases hold that where a plaintiff has failed to satisfy statutory administrative requirements before bringing suit against certain defendants, those defendants are improperly joined. See Holder v. Abbott Labs, Inc. 444 F.3d 383, 387-88

---

[1] La. Rev. Stat. §40: 1299.47(B)(1)(a)(1) provides: "No action against a health care provider covered by this Part, or his insurer, may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this Section."

(5th Cir. 2006) and <u>Melder v. Allstate Corp</u>. 404 F.3d 328, 332 (5th Cir. 2005).  Thus, Jones may eventually have a viable claim against Dr. Wilson, but at this time Dr. Wilson is improperly joined.

Accordingly, the Motion to Remand must be **DENIED**, as premature.

New Orleans, Louisiana, this 14th day of November 2007.

>                                    Peter Beer
>                           United States District Judge

3