UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHEILA JONES | * | CIVIL ACTION NO. 07-5681 |
| | * | |
| VERSUS | * | |
| | * | SECTION M (JUDGE BEER) |
| | * | |
| CENTOCOR, INC., JOHNSON | * | MAGISTRATE 3 (KNOWLES) |
| & JOHNSON, JOHNSON & JOHNSON | * | |
| PHARMACEUTICAL RESEARCH & | * | |
| DEVELOPMENT, LLC, AND MERLIN | * | |
| WILSON, M.D. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## **MEMORANDUM IN SUPPORT OF THE MOTION TO DISMISS**

Plaintiff has filed this medical malpractice claim naming Merlin Wilson, M.D., as a defendant. Plaintiff alleges that in February 2006, Dr. Wilson failed to warn plaintiff of the danger of the drug, Remicade, and failed to properly monitor blood levels during the administration of the medication.

## **PREMATURITY**

Dr. Wilson, as evidenced by the certificate of enrollment attached as Exhibit A, is a qualified health care provider under Louisiana law. The Louisiana Medical Malpractice Act, LSA-R.S. 40:1299.41, et seq, Act 817 of 1975, as amended, specifically provides that no action against a health care provider covered by the Act may be commenced in any Louisiana Court before the claimant's proposed complaint has been presented to a Medical Review Panel. That Act provides in LSA-R.S. 40:1299.47(B)(1)(a)(i) in pertinent part:

> No action against a health care provider covered by this Part, or his insurer, may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this Section...

The Louisiana Supreme Court has affirmed the constitutionality of dismissing a malpractice suit which has not complied with the requirements of the above-mentioned statute. *Everett vs. Goldman*, 359 So.2d 1256 (La.1978). Numerous decisions have consistently held that dismissal of a plaintiff's suit on an exception of prematurity is required for failure to comply with the provisions of LSA-R.S. 40:1299.47. See *Knepper v. State Department of Health and Human Resources Administration*, 359 So.2d 1127 (La.App. 3d Cir. 1978); *Dufrene v. Duncan*, 371 So.2d 1215 (La.App. 4th Cir. 1979). Indeed in *Desselles v. Brumfield*, 386 So.2d 191 (La.App) 4th Cir. 1980), the Court held that it was reversible error for a trial court to stay rather than dismiss a plaintiff's suit on an exception of prematurity filed pursuant to Louisiana Code of Civil Procedure Article 933 and LSA-R.S. 40:1299.47(B).

Federal courts in this district have routinely dismissed medical malpractice claims without prejudice when they are filed in federal court before resolution of the claim by a Louisiana medical review panel. *Vaughn v. Hospital District No. 1 Jefferson Parish d/b/a West Jefferson Medical Center and William Hart, M.D*, 2002 WL 126649 (E.D.La.), January 30, 2002. See also *Hermann v. Handy*, 2000 WL 739294 (E.D. La. 2000) and *Alsay v. East Jefferson*, 1998 WL 661479(E.D. La. 1998). This action against Dr. Merlin is premature and should therefore be dismissed without prejudice pending completion of the medical review panel.

The allegations in the petition do not present a federal question arising under the Constitution, laws or treaties of the United States under 28 U.S.C. 1331.  There is no other allegation in the complaint which could conceivably bring this claim within this court's jurisdiction under 28 U.S.C. 1330 *et. seq*.  Other than diversity, no other conceivable law is to be applied to render jurisdiction proper in Federal Court .  The premature suit against Dr. Merlin Wilson must be dismissed without prejudice or at a minimum, this matter must be stayed until the panel is completed.

Accordingly, the complaint filed by Sheila Jones must be dismissed as it is premature.

    Respectfully submitted,

    **BATIZA, GODOFSKY,**
    **SCHROEDER & COLES**

    /s/ Deborah I. Schroeder

    _____
    DEBORAH I. SCHROEDER (1589)
    One Galleria Blvd., Ste. 700
    Metairie, Louisiana   70001
    Telephone:  (504) 841-2724
    Counsel for Defendant, Merlin Wilson, M.D.